IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JERNARD AKINS, # 07683-021, ) | Civil Action No. 3:04-23200-MBS-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA; ) | |
| DEPARTMENT OF JUSTICE; ) | |
| FEDERAL BUREAU OF PRISONS; ) | |
| DIRECTOR HARRY LAPPIN; ) | |
| ASSOCIATE WARDEN, TYRONE ALLEN; ) | |
| SPECIAL AGENT, ROBERT ) | |
| MCLAFFERTY; AND ) | |
| OFFICER PRICE, ) | **MAGISTRATE JUDGE'S** |
| ) | **REPORT AND RECOMMENDATION** |
| Defendants. ) | |
| ) | |

Plaintiff filed this action on December 21, 2004.[1] At the time of the alleged incidents, Plaintiff was an inmate housed at the Federal Correctional Institution in Edgefield, South Carolina ("FCI-Edgefield"). He is currently an inmate at the Federal Correctional Institution in Coleman, Florida. Defendants are the United States of America (the "United States"), the United States Department of Justice ("DOJ"), the Federal Bureau of Prisons ("FBP"), FBP Director Harry Lappin ("Lappin"), FCI-Edgefield Associate Warden Tyrone Allen ("Allen"), FCI-Edgefield Special Investigative Agent Robert McLafferty ("McLafferty"), and FCI-Edgefield Correctional Officer Price ("Price"). On April 8, 2005, Defendants filed a motion to dismiss. Plaintiff, because he is proceeding pro se, was advised on April 22, 2005, pursuant to Roseboro v.

---

[1]Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion to dismiss could result in the dismissal of his complaint. Plaintiff filed responses on April 25 and May 4, 2005.

## STANDARD FOR MOTION TO DISMISS

In general, a motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Revene v. Charles County Comm'rs, 882 F.2d 870, 872. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130 (1993), cert. denied, American Home Products Corp. v. Mylan Labs., Inc., 510 U.S. 1197 (1994); see also Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994), cert. denied, 514 U.S. 1107 (1995). A pro se complaint must be read liberally, and such persons are not held to the strict pleading requirements otherwise required of attorneys. Estelle v. Gamble, 429 U.S. 97, 106-07 (1976); Haines v. Kerner, 404 U.S. 519 (1972). When, however, it appears to the court that the plaintiff has totally failed to state a claim which would entitle him to relief, a defendant is entitled to have its motion to dismiss granted. Fed. R. Civ. P. 12(b)(6).

## FACTS IN THE LIGHT MOST FAVORABLE TO PLAINTIFF

1.  On March 19, 2003, while exiting the laundry at FCI-Edgefield, Officer Price inspected a cart that Plaintiff was pushing to determine if there were any contraband items.

2. Price discovered a personal item, a bag of cookies, for which Plaintiff did not have a receipt.

3. Price confiscated the bag. Plaintiff told Price to give him back his property. Price directed Plaintiff to go to the lieutenant's office because he did not like Plaintiff's tone of voice.

4. Plaintiff and Price proceeded to the door of the laundry. Plaintiff attempted to snatch the bag out of Price's hands.

5. Price grabbed Plaintiff and pinned him against the frame of the door.

6. Plaintiff began to struggle with Price and broke free of him.

7. Plaintiff walked towards an officer who was manning the rear dock. This officer directed Plaintiff to "cuff-up." Plaintiff refused to "cuff-up."

8. Several officers responded to the scene and placed Plaintiff on the ground and into restraints. Price struck Plaintiff several times on the left side of Plaintiff's head.

9. Plaintiff was escorted to the Special Housing Unit ("SHU")

10. On March 20, 2003, Plaintiff was provided with an incident report in which he was charged with assaulting any person, refusing an order, and insolence towards staff.

11. The incident report was suspended by FCI-Edgefield pending a Federal Bureau of Investigation ("FBI") investigatory process.

12. In June 2003, FBI Agent Dolphin interviewed Plaintiff concerning the incident and advised Plaintiff that he would forward the report to the United States Attorney's office.

13. On June 28, 2003, July 10, 2003, and September 2, 2003, Plaintiff wrote letters and his mother contacted various United States Assistant Attorneys asking them to present the case to court or refer it back to the BOP for administrative resolution. Plaintiff also wrote FBI Agent Dolphin, Associate Warden Allen, and Special Agent McLafferty requesting the status of the investigation.

14. Plaintiff filed a petition for a writ of habeas corpus in this court (Civil Action 3:03-3945-24BC) on December 30, 2003, requesting that the FBI investigation be discontinued and the case remanded to the BOP for administrative adjudication.[2]

15. Plaintiff claims that on July 15, 2004 Lieutenant Bryant advised Plaintiff that the incident report had been released by the U.S. Attorney and the FBI for administrative resolution.

16. On July 26, 2004, Plaintiff was found guilty by the Disciplinary Hearing Officer ("DHO") at FCI-Edgefield for the March 19, 2003 incident.

---

[2] On July 27, 2004, the undersigned recommended that the respondent's motion for summary judgment be denied, and that the respondent in that action be required to address the status of the criminal investigation and what was construed to be a due process claim. The respondent then informed the Court that the FBI had notified the BOP (on July 8, 2004) that the United States determined criminal charges against Plaintiff would not be pursued and administrative disciplinary proceedings had been completed. On September 27, 2004, the Honorable Margaret B. Seymour, United States District Judge, adopted the report and recommendation to the extent it recommended construing the petition as a 28 U.S.C. § 2241 petition for write of habeas corpus and denied it to the extent it recommended denial of summary judgment because the petition was moot and any additional claims were not properly before the court. Plaintiff was directed to the appropriate administrative remedies for pursuing any further due process remedies as well as any additional claims for excessive force and assault.

DISCUSSION

Plaintiff alleges Bivens[3] claims and claims under the Federal Tort Claims Act ("FTCA"). Defendants argue that they are entitled to summary judgment because: (1) this Court lacks subject matter jurisdiction over this Bivens action; (2) Plaintiff has not exhausted his administrative remedies; (3) the Court has no personal jurisdiction over Defendant Lappin;[4] (4) Defendants Lappin and Allen cannot be held liable pursuant to the doctrine of respondeat superior; and (5) Defendants are entitled to qualified immunity as Plaintiff fails to establish an Eighth Amendment or Due Process claim.

A.     FTCA

Plaintiff alleges claims under the FTCA that: (1) Defendant Price was negligent in employing excessive force against him and being deliberately indifferent to Plaintiff's rights and safety, (2) Defendants McLafferty and Allen were negligent in maliciously pursuing criminal prosecution against Plaintiff, and (3) Defendants the United States and BOP were negligent in maliciously prosecuting Plaintiff and keeping him in administrative segregation. Defendants do not appear to have addressed Plaintiff's FTCA claims in their motion to dismiss. The undersigned recommends that these claims be dismissed sua sponte for the reasons discussed below.

---

[3] See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971).

[4] The district court is not required to resolve the issue of personal jurisdiction prior to ruling on the motion to dismiss for failure to state a claim because personal jurisdiction exists to protect the liberty interests of defendants, unlike subject-matter jurisdiction, which serves as a limitation on judicial competence. See Simpkins v. District of Columbia Gov't, 108 F.3d 366, 370 (D.C.Cir.1997); Pace v. Bureau of Prisons, 1998 WL 545414 (D.C.Cir. 1998).

To the extent that Plaintiff is attempting to bring FTCA claims against Defendants DOJ, BOP, Lappin, McLafferty, and Price, his claims should be dismissed as Plaintiff cannot bring claims under the FTCA against federal agencies and federal employees. The FTCA provides a limited waiver of sovereign immunity whereby the United States government submits itself to be sued in limited situations for negligent acts by its employees, in which private individuals under similar circumstances would be liable under state law. 28 U.S.C. § 1346(b) and §§ 2671 et seq. A suit under the FTCA lies only against the United States, and a federal district court lacks subject-matter jurisdiction over claims asserted against federal agencies or individual federal employees. See Myers and Myers, Inc. v. United States Postal Service, 527 F.2d 1252, 1256 (2d Cir. 1975). The provisions of the FTCA are to be strictly construed. United States v. Kubrick, 444 U.S. 111, 117-8 (1979)(FTCA waiver should not be extended or narrowed beyond that which Congress intended).

Plaintiff's FTCA claim against the United States should also be dismissed because Plaintiff cannot bring claims for constitutional violations under the FTCA. A federal constitutional tort cannot provide the source of law under the FTCA. See F.D.I.C. v. Meyer, 510 U.S. 471, 478 (1994) ("Indeed, we have consistently held that § 1346(b)'s reference to the 'law of the place' means law of the State--the source of substantive liability under the FTCA."); Williams v. United States, 242 F.3d 169, 175 (4th Cir.2001); see also Washington v. Drug Enforcement Admin., 183 F.3d 868 (8th Cir.1999) (holding Fourth, Fifth, and Fourteenth Amendment violations stemming from a DEA search cannot be remedied through the FTCA because state law cannot create liability for violation of federal constitutional rights).

Plaintiff's claim under the FTCA should also be dismissed to the extent that he is seeking damages for emotional or mental injuries because he has not alleged that he suffered any physical injury as a result of Defendants' actions. "No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 28 U.S.C. § 1346(b)(2).

B.     Bivens Claims

Plaintiff also alleges Bivens claims. In Bivens, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of state law. See Harlow v. Fitzgerald, 457 U.S. 800, 814-820 & n. 30 (1982). Harlow, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official. In footnote 30 of the opinion in Harlow, the Supreme Court stated that Harlow was applicable to state officials sued under 42 U.S.C. § 1983. In other words, case law involving § 1983 claims is applicable in Bivens actions and vice versa. Farmer v. Brennan, 511 U.S. 825 (1994); see also Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Osabutey v. Welch, 857 F.2d 220, 221-223 & n. 5 (4th Cir. 1988); and Tarantino v. Baker, 825 F.2d 772, 773-775 & n. 2 (4th Cir. 1987), cert. denied, North Carolina v. Tarantino, 489 U.S. 1010 (1989).

(1)     Subject Matter Jurisdiction

Defendants contend that Plaintiff cannot bring a Bivens action against them in their official capacities. This court lacks subject matter jurisdiction over Plaintiff's claims brought pursuant to Bivens against Defendants in their official capacities. The United States cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. United States v. Mitchell, 463 U.S. 206, 212 (1983). The United States has not consented to suit under the Bivens doctrine. The bar of sovereign immunity cannot be avoided by naming officers or employees of the United States as defendants. Gilbert v. Da Grossa, 756 F.2d 1455, 1458 (9th Cir. 1985); cf. Hawaii v. Gordon, 373 U.S. 57, 58 (1963). Claims against Defendants in their official capacities are barred by sovereign immunity. See Hagemeier v. Block, 806 F.2d 197, 202 (8th Cir. 1986), cert. denied, 481 U.S. 1054 (1987); Gilbert, 756 F.2d at 1458.

(2)     Exhaustion of Administrative Remedies

Defendants also argue that Plaintiff cannot bring Bivens claims because he has failed to exhaust his applicable administrative remedies.[5] Plaintiff appears to argue that he has exhausted his available remedies because he exhausted his remedies as to his FTCA claim.[6]

---

[5]"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

[6]Plaintiff has submitted a letter from DOJ on his Tort Claim TRT-SER-2004-01414 dated
(continued…)

The BOP provides a four-step administrative process which generally begins with attempted informal resolution with prison staff (Form BP-8). If the prisoner achieves no satisfaction informally, he must file a written complaint with the warden (Form BP-9), followed by an appeal to the regional director of the Federal Bureau of Prisons (Form BP-10). Finally, if the prisoner has received no satisfaction, he may appeal to the office of the General Counsel (BP-11). See 28 C.F.R. § 542.10-542.15; Gibbs v. Bureau of Prison Office, FCI, 986 F.Supp. 941, 943 (D.Md.1997).

Roy Lathrop ("Lathrop"), a Paralegal Specialist at FCI-Edgefield, states that he searched the administrative remedy records maintained by the BOP and determined that Plaintiff failed to complete the BOP administrative remedy process concerning his allegations in this action. Lathrop provides:

1. On May 7, 2003, Mr. Akins submitted a grievance (#298207-F1) at the institution level alleging he was choked by staff. On this same date his grievance was rejected because he had not filed his grievance in the proper manner. Mr. Akins was instructed to re-file his grievance in proper form. Mr. Akins never re-filed this grievance.

2. On August 17, 2004, Mr. Akins submitted a grievance (#348238-R1) at the Regional Office level appealing the decision of the Discipline Hearing Officer rendered on July 26, 2004. The grievance was rejected because Mr. Akins had not submitted it in proper form. Mr. Akins was also instructed to re-file his grievance in proper form within fifteen days.

---

[6](…continued)
June 7, 2004. In the letter, Plaintiff's claim was denied because he had not stated any claim based on common law negligence, but had instead alleged violations of constitutional rights that were not actionable under the FTCA. Plaintiff was advised that he could bring an action in the federal courts within six months of the date of the mailing of the letter. Ex. A to Plaintiff's Opposition Memorandum.

9

      3.      On September 20, 2004, Mr. Akins resubmitted grievance #348238 to the Regional Office. This grievance was rejected because Mr. Akins still had not filed it in the proper form and it was now untimely. Mr. Akins was instructed he could resubmit his grievance in proper form if he also provided verification from staff that his untimely filing was through no fault of his own.

      4.      On October 7, 2004, Mr. Akins resubmitted grievance # 348238 to the Regional Office. The grievance was rejected because Mr. Akins had not provided verification from staff that the untimely filing was through no fault of his own.

      5.      On November 15, 2004, November 29, 2004, and January 10, 2005, Mr. Akins attempted to file his grievance (348238-A1) at the Central Office level. These grievances were rejected because Mr. Akins had not exhausted his remedies at the Regional Office level and the Central Office agreed his filing was untimely to the Regional Office and he had not provided verification from staff that his untimely filing was through no fault of his own.

      6.      On February 3, 2005, Mr. Akins submitted a grievance (#366124-R1) to the Regional Office alleging staff wrote a misleading incident report. The grievance was rejected as untimely and Mr. Akins had provided no verification that his untimely filing was through no fault of his own.

Lathrop Aff.

Plaintiff argues that he has exhausted his administrative remedies as to his Bivens claims because he exhausted his administrative remedies under 28 C.F.R. § 543.30 (for FTCA claims). Satisfying the requirements for bringing an FTCA claim does not justify the failure to exhaust the Administrative Remedy Program remedies under 28 C.F.R. § 542.10 et seq. See Nwaokocha v. Sadowski, 369 F.Supp.2d 362, 368 (E.D.N.Y.2005) ("The filing of an administrative tort claim by a prisoner does not excuse the prisoner's failure to meet the separate exhaustion requirements for a Bivens claim under the PLRA.").

10

(3)  Respondeat Superior

Defendants Lappin and Allen argue that they cannot be held liable pursuant to the doctrine of respondeat superior. The doctrine of respondeat superior generally is inapplicable to § 1983 and Bivens actions, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Fisher v. Washington Metro Area Transit Authority, 690 F.2d 1133, 1142-43 (4th Cir. 1982); Wright v. Smith, 21 F.3d 496 (2d Cir. 1994); and Howard v. Federal Bureau of Prisons, 1999 WL 798883, 198 F.3d 236 (4th Cir. 1999)[Table]. Higher officials may be held liable for the acts of their subordinates, however, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization. Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984), cert. denied, Reed v. Slakan, 470 U.S. 1035 (1985).

Here, Plaintiff has not alleged any personal involvement of Defendants Allen or Lappin in the alleged actions. He has not alleged that they were actively and knowingly involved with the alleged unconstitutional conduct. Thus, Defendants Allen and Lappin should not be held liable pursuant to the doctrine of respondeat superior.

(4)  Qualified Immunity

Defendants argue that they are entitled to dismissal on the basis of qualified immunity. Government officials performing discretionary functions are entitled to qualified immunity from liability for civil damages to the extent that "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."

Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The analysis of the defense of qualified immunity is examined using a two-step analysis. See Saucier v. Katz, 533 U.S. 194, 201 (2001). The first task is to determine whether the plaintiff has alleged the deprivation of a constitutional right. Id. at 200-201  If the answer is yes, the next task is to determine "whether the right was clearly established at the time such that it would be clear to an objectively reasonable officer that his conduct violated that right." Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002).

Plaintiff alleges that Defendants violated his Fourth and Fifth Amendment rights by using excessive force, being deliberately indifferent to his safety, keeping him in administrative detention for over one year, and maliciously pursuing a criminal prosecution against him. He fails to state a deprivation of a constitutional right, as discussed below. Thus, the individual Defendants are entitled to qualified immunity in their individual capacities.

      (a)     Excessive Force

Plaintiff alleges that his Fourth and Fifth Amendment rights were violated because Defendant Price used excessive force against him. Determination of whether cruel and unusual punishment has been inflicted on a prisoner in violation of the Eighth Amendment requires analysis of subjective and objective components. See Wilson v. Seiter, 501 U.S. 294, 302 (1991). First, the objective portion of an excessive force claim requires a prisoner to show that the injury inflicted was sufficiently serious. Although a plaintiff need not show a significant injury, see Hudson v. McMillian, 503 U.S. 1, 7 (1992), the Fourth Circuit, in Norman v. Taylor, 25 F.3d 1259 (4th Cir. 1994), cert. denied, 513 U.S. 1114 (1995), held that "absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment

excessive force claim if his injury is de minimis." Norman v. Taylor, 25 F.3d at 1263. Because de minimis injury may serve as evidence that de minimis force was used, an excessive force claim should not lie where a prisoner's injury is de minimis. See id. at 1262-63. With only de minimis physical injury, a prisoner may only recover if the challenged conduct resulted "in an impermissible infliction of pain" or was otherwise "of a sort repugnant to the conscience of mankind." Id. at 1263 n. 4. The Fourth Circuit has explained:

> We recognize that there may be highly unusual circumstances in which a particular application of force will cause relatively little, or perhaps no, enduring injury, but nonetheless will result in the impermissible infliction of pain. In these circumstances, we believe that either the force will be "of a sort repugnant to the conscience of mankind," and thus expressly outside the de minimis force exception, or the pain itself will be such that it can properly be said to constitute more than de minimis injury.

Id. at 1263, n. 4.

Plaintiff cannot establish the objective prong of his excessive force claim because he has not alleged that he suffered any injury as a result of Defendant Price's actions. He thus fails to show that he suffered anything more than de minimis injury.

Even if Plaintiff could show that he meets the objective component, he cannot show that he meets the subjective component of the Eighth Amendment analysis. Appropriate force may be used by prison officials when it is intended to maintain the discipline within a prison institution or to restore order. See Hudson, 503 U.S. at 6; Whitley v. Albers, 475 U.S. 312, 320-21 (1986). When an inmate claims that prison officials used excessive force on him "he is forced to meet a higher standard (than deliberate indifference) to establish the subjective component." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). The subjective portion of an excessive force

claim requires a prisoner to demonstrate that officials inflicted force sadistically and maliciously for the sole purpose of causing harm. See Whitley, 475 U.S. at 320-21; Williams v. Benjamin, 77 F.3d at 761. The Supreme Court has directed that several factors should be balanced in determining whether prison officers acted maliciously and sadistically. These factors, originally set out in Whitley, include:

> (1) the need for the application of force,
>
> (2) the relationship between that need and the amount of force used,
>
> (3) the threat "reasonably perceived by the responsible officials," and
>
> (4) "any efforts made to temper the severity of a forceful response."

Hudson, 503 U.S. at 7 (citations omitted); see also Williams v. Benjamin, 77 F.3d at 762. The absence of serious injury is a relevant, but not dispositive, additional factor to be considered in the subjective analysis. Hudson, 503 U.S. at 7.

In this case, analysis of these factors fails to show that Defendant Price acted maliciously and sadistically, and thus Plaintiff cannot establish an Eighth Amendment claim. First, there was a need for force because Plaintiff attempted to grab what Price perceived as contraband from Price. As discussed above, Plaintiff fails to show more than de minimis injuries from the alleged incident. Further, there was a threat reasonably perceived by Price because Plaintiff attempted to grab the bag from Price, Plaintiff admittedly struggled to get free from Price, and Plaintiff admittedly refused the orders of other officers to "cuff up."

(b)     Administrative Segregation

Plaintiff alleges that his constitutional rights were violated because he was placed in administrative segregation pending investigation. Prisoners do not have a constitutionally recognized liberty interest in a particular security classification or prison placement. Hewitt v. Helms, 459 U.S. 460, 468 (1983)(no constitutional right under the Due Process Clause to a particular security classification or prison placement). In Sandin v. Conner, 515 U.S. 472 (1995), the United States Supreme Court held that a change in the condition of a prisoner's confinement that does not exceed the scope of the original sentence gives rise to a federally-protected liberty interest only if it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 483. In Sandin, the Court concluded that the plaintiff's "segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Id. at 485. Under the analysis set forth in Sandin, Petitioner cannot show that he has a protected liberty interest in his security or custody classification. Id. at 483-85; see Backey v. South Carolina Dep't. of Corrections, 73 F.3d 356, 1996 WL 1737 (4th Cir. Jan. 3, 1996) [Table](allegations of wrongful placement in administrative segregation do not involve the kind of significant or atypical hardship necessary to invoke due process rights); Joseph v. Gillespie, 73 F.3d 357, 1995 WL 756280 (4th Cir. December 21, 1995)[Table]("Administrative segregation is not an 'atypical and significant hardship' relative to the ordinary incidents of prison life that would give rise to a liberty interest protected by any procedure."); Reffritt v. Nixon, 917 F. Supp. 409, 412 (E.D.Va.

1996)(plaintiff has no protected interest in remaining in or being released into general population), aff'd, 121 F.3d 699 (4th Cir. 1997).

To the extent that Plaintiff is alleging that Defendants failed to follow BOP policies, he also cannot show a violation of a constitutional right. An allegation that a prison official did not follow the institution's policies or procedures, standing alone, does not amount to a constitutional violation. See United States v. Caceres, 440 U.S. 741 (1978); see also Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)(if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992)(violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).[7]

        (c)     Malicious Prosecution

Plaintiff alleges that Defendants maliciously prosecuted him. He cannot show that his constitutional rights were violated because he has not shown that he was ever criminally prosecuted for the alleged assault on Defendant Price. Defendant McLafferty states that

---

[7]To the extent that Plaintiff is attempting to assert a due process claim concerning his disciplinary hearing, he fails to state a claim. A prisoner is entitled to only a minimal standard of due process in the prison disciplinary setting. The following requirements are sufficient to satisfy this minimal standard of due process:
1. Advance written notice of the charges;
2. A written statement by the committee, citing the evidence on which they relied and the reasons for the action taken; and
3. The right by the inmate/defendant to call witnesses and present documentary evidence, if institutional safety will not be jeopardized.

Wolff v. McDonnell, 418 U.S. 539, 563-576 (1974). Plaintiff has submitted documentation (attachments to Complaint and Plaintiff's Opposition Memorandum) showing advanced written notice to Plaintiff of the charges, a written statement from the DHO concerning the evidence relied on and the reasons for the actions taken, a notation that Plaintiff did not request to call witnesses, and a list of documents received at the hearing.

he was not involved in any attempt to have Plaintiff prosecuted. McLafferty Aff. There is no independent cause of action for malicious prosecution under § 1983. A "malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." Lambert v. Williams, 223 F.3d 257, 261 (4th Cir.2000). In order for a plaintiff to state a § 1983 malicious prosecution claim for a seizure violative of the Fourth Amendment, the defendant must have "seized [plaintiff] pursuant to legal process that was not supported by probable cause and that the criminal proceedings [have] terminated in [plaintiff's] favor." Brooks v. City of Winston-Salem, 85 F.3d 178, 183-84 (4th Cir. 1996).

## CONCLUSION

Based upon review of the record, it is recommended that Defendants' motion to dismiss (Doc. 16) be granted and that Plaintiffs' claims under the FTCA be dismissed sua sponte.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

February 24, 2006
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
