IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jernard Akins, #07683-021, ) | |
| ) | C/A No. 3:04-23200-MBS-JRM |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| United States of America; Department ) | **OPINION AND ORDER** |
| of Justice; Federal Bureau of Prisons; ) | |
| Director Harry Lappin; Associate Warden, ) | |
| Tyrone Allen; Special Agent, Robert ) | |
| Mclafferty; and Officer Price, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Jernard Akins is an inmate in custody of the Federal Bureau of Prisons. Plaintiff brings his complaint pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging that Defendants violated his rights while he was incarcerated at Federal Correctional Institution (FCI)-Edgefield.

Defendants filed a motion to dismiss on April 8, 2005, asserting, among other things, that the case should be dismissed because Plaintiff has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). By order filed April 22, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition on April 22, 2005.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. The Magistrate Judge filed a Report and Recommendation on February 24, 2006 in which he recommended that

Defendants' motion to dismiss be granted because Plaintiff had not exhausted his administrative remedies. The Magistrate Judge further determined that, even if Plaintiff had exhausted his administrative remedies, he failed to demonstrate a constitutional deprivation at the hands of Defendants. Plaintiff filed objections to the Report and Recommendation on March 13, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

I. FACTS

The facts are thoroughly recounted in the Report and Recommendation. Briefly, Plaintiff and Defendant Price got into an altercation on March 19, 2003. Plaintiff was escorted to the Special Housing Unit (SHU). On March 20, 2003, Plaintiff was provided with an incident report in which he was charged with assaulting any person, refusing an order, and insolence toward staff. The incident report was suspended pending investigation by the Federal Bureau of Prisons (FBI) as to whether criminal charges would be pursued against Plaintiff. Plaintiff remained in SHU during the investigation. On or about July 8, 2004, the FBI notified BOP that criminal charges would not be pursued and the case was remanded to BOP for administrative adjudication. On July 26, 2004, Plaintiff was found guilty by the Disciplinary Hearing Officer (DHO) for the March 19, 2003 incident.

Plaintiff asserted the following causes of action in his complaint: (1) use of excessive force by Defendant Price (First Cause of Action); violation of the Federal Tort Claims Act under 28 U.S.C. § 1346 (Second, Fourth, and Fifth[1] Causes of Action); and violation of Plaintiff's due process rights (Third Cause of Action). Plaintiff concedes in his objections to the Report and Recommendation that his claims under the Federal Tort Claims Act should be dismissed. See Plaintiff's Opposition to Majistrate's [*sic*] Report and Recommendation, p. 5. Thus, Plaintiff's remaining allegations concern his contentions that he was subjected to excessive force and that he was held in SHU for over a year without due process.

## II. DISCUSSION

The threshold issue is whether Plaintiff has exhausted his administrative remedies as required by § 1997e(a). The Prison Litigation Reform Act (PLRA) requires the dismissal of a complaint brought by a prisoner with respect to prison conditions until the record demonstrates on its face that the prisoner has exhausted his administrative remedies. Bowman v. Haynes, 282 F. Supp. 2d 488 (N.D.W. Va. 2003). The PLRA requirement that a prisoner utilize any available prison grievance procedure applies to all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong. Wilson v. Vannatta, 291 F. Supp. 2d 811 (N.D. Ind. 2003).

As the Magistrate Judge noted, the Bureau of Prisons provides a four-step administrative process by which an inmate can grieve an issue of concern. First, the inmate and staff must attempt to informally resolve the issue. 28 C.F.R. § 542.13. Next, the inmate may file a Form BP-9 with

---

[1] Plaintiff erroneously set forth two Fourth Causes of Action. The cause of action renamed by the court as the Fifth Cause of Action commences on page 16 of Plaintiff's complaint.

the Warden. Id. § 542.14. If the inmate is not satisfied with the Warden's response, he may submit an appeal on Form BP-10 to the Regional Director. Id. § 542.15. The final step is to appeal to the General Counsel utilizing Form BP-11. Id. In this case, it appears that:

1. Plaintiff submitted a grievance at the institution level on May 7, 2003, alleging that he was choked by staff. The grievance was rejected because it was not filed properly. Plaintiff was instructed to re-file the grievance, which he failed to do.

2. Plaintiff submitted a grievance at the Regional Office level on August 17, 2004, appealing the decision of the DHO finding Plaintiff guilty of the March 19, 2003 incident. The grievance was rejected because it was not submitted in proper form. Plaintiff was instructed to re-file his grievance in proper form within fifteen days.

3. On September 20, 2004, Plaintiff refiled his grievance at the Regional Office level. The grievance was rejected because it was not in proper form and was untimely. Plaintiff was instructed that he could resubmit his grievance in proper form if he also provided verification that the untimely filing was through no fault of his own.

4. Plaintiff resubmitted his grievance to the Regional Office on October 7, 2004. The grievance was rejected because Plaintiff had not provided verification that the untimely filing was through no fault of his own.

5. Plaintiff attempted to file his grievance at the Central Office level on November 15 and November 29, 2004, and on January 10, 2005. The grievances were rejected because Plaintiff had not exhausted at the Regional Office.

6. On February 3, 2005, Plaintiff submitted a grievance to the Regional Office alleging that staff wrote a misleading incident report. The grievance was rejected as untimely.

See Motion to Dismiss, Exh. 1 (Declaration of Roy Lathrop).

Plaintiff first contends that he "did exhaust his administrative remedies as there was no more he could have done." Plaintiff's Objections, p. 7. According to Plaintiff, "[i]t would be futile to continue to file grievances since both the Region and the Central offices have both rejected his grievances and appeals." Id. An inmate's perception that exhaustion would be futile does not excuse him from the exhaustion requirement. Thonrton v. Snyder, 428 F.3d 690, 693 (7th Cir. 2005) (citing Booth v. Churner, 532 U.S. 731, 741 n.6 (2001); see also Freytes v. Laboy, 143 F. Supp. 2d 187 (D.P.R. 2001). Even though Plaintiff began the grievance process, he did not complete it. The failure to exhaust administrative remedies bars him from pursing his Bivens claims. See Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) (addressing § 1983 action). Plaintiff's objection is without merit.

Plaintiff next contends that the Magistrate Judge erred in relying on evidence outside the complaint to reach his finding. Defendants raised the issue of exhaustion as a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).[2] In a motion to dismiss for lack of subject matter jurisdiction, "'the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" Frank v. England, 313 F. Supp. 2d 531, 535 (D. Md. 2004) (quoting Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768

---

[2] Failure to exhaust administrative procedures established by statute has been treated as a condition precedent to bringing suit, affirmative defense, and as a jurisdictional requirement. See 5B Charles Alan Wright, Federal Practice and Procedure § 1350 (citing cases). Courts have applied both Rule 12(b)(1) and Rule 12(b)(6) standards. It appears that in the Fourth Circuit most courts have analyzed failure to exhaust claims under Rule 12(b)(1). See, e.g., Frank v. England, 313 F. Supp. 2d 531 (D. Md. 2004) (motions to dismiss for failure to exhaust administrative remedies are governed by Rule 12(b)(1)).

(4th Cir. 1991)). The Magistrate Judge properly took into consideration Mr. Lathrop's declaration regarding Plaintiff's administrative filings. Plaintiff's objection is without merit.

Plaintiff also asserts that the Magistrate Judge erred in recommending dismissal of the complaint. According to Plaintiff, the court should hold this action in abeyance until Plaintiff can exhaust his administrative remedies. The court declines to stay the within action. Accordingly, the court concludes that the case should be dismissed because Plaintiff has not exhausted his administrative remedies as required by § 1997e(a).

### III.  CONCLUSION

After a thorough review of the record, the court concurs in the Report and Recommendation and incorporates it herein by reference. Defendants' motion to dismiss is **granted** on the grounds that Plaintiff has failed to exhaust his administrative remedies.

At the same time he filed objections to the Report and Recommendation, Plaintiff filed a motion to amend the complaint to cure procedural defects. Fed. R. Civ. P. 15(a) provides that a party "may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." Defendants have not filed a responsive pleading. Therefore, Plaintiff has the right to amend the complaint as a matter of course. Plaintiff's motion to amend is **granted**. The Clerk of Court is instructed to not close the within action for a period of fifteen days to allow Plaintiff the

opportunity to file an amended complaint.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

March 22, 2006

Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**